**TUNICA–BILOXI INDIANS OF LA, et al**

v.

**Kirby M. PECOT, et al.**

**No. CIV.A.02–1512.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Jan. 30, 2003.

---

Shelly D. Dick, Amanda G. Clark, Jason A Bonaventure, Forrester Jordan & Dick, Baton Rouge, LA, for Plaintiffs.

Albert D. Clary, Richard T. Conrad, III, Long Law Firm, Baton Rouge, LA, Richard Todd Musgrave, Musgrave McLachlan & Penn, New Orleans, LA, S. Aaron Siebeneicher, Valerie M. Thompson, Johnson & Sienbeneicher, Larry Alan Stewart, Andrew P. Texada, Stafford Stewart & Potter, Alexandria, LA, Richard G. Duplantier, Jr., Galloway Johnson et al., New Orleans, LA, Raymond L. Brown, Jr., Lottie L. Bash, Gold Weems et al., Alexandria, LA, David K. Nelson, Jeffrey N. Boudreaux, Kean Miller et al., Baton Rouge, LA, John P. Doggett, Zebulon Marcus Winstead, Provosty Sadler & deLaunay, Alexandria, LA, Andrew D. Weinstock, Lawrence J. Duplass, Claire E. Breaux, Duplass Zwain et al., Metairie, LA, Richard Joseph Petre, Jr., Michael P. Maraist, Onebane Law Firm, David A. Hurlburt, George D. Ernest, III, Hurlburt Privat & Monrose, Lafayette, LA, Michael D. Rubenstein, Kenneth Todd Wallace, Liskow & Lewis, New Orleans, LA, Charles A. Schutte, Jr., Guglielmo Marks et al., Baton Rouge, LA, Robert A. Vosbein, Stefini W. Salles, Adams & Reese, New Orleans, LA, Edward J. Lassus, Jr., Wade D. Rankin, David J. Schexnaydre, Aubert & Pajares, Covington, LA, Bonita K. Preuett–Armour, Alexandria, LA, Peter A. Feringa, Jr., Scott C. Barney, Chaffe McCall et al., New Orleans, LA, Matthew J. Ungarino, Ungarino & Eckert, Metairie, LA, Azelie Ziegler Shelby, Matthew C. Nodier, Ungarino & Eckert, Baton Rouge, LA, Michael D. Rubenstein, Kenneth Todd Wallace, Liskow & Lewis, New Orleans, LA, Patrick J. Hanna, Kay Karre' Gautreaux, Rabalais Hanna & Hebert, Lafayette, LA, for Defendants.

## MEMORANDUM RULING

LITTLE, District Judge.

Before the court is plaintiff Tunica–Biloxi Indians of Louisiana's, d/b/a Paragon Casino Resort (the "Tunica–Biloxi Indians"), motion to remand this action to the Twelfth Judicial District Court, Parish of Avoyelles, State of Louisiana, on the belief that this court lacks subject matter jurisdiction, or, in the alternative, motion to abstain. Doc. No. 27. Defendants in this action are (1) Kirby M. Pecot d/b/a Pecot Company and Architects ("Pecot"); (2) M & E Consulting, Inc. ("M & E"); (3) J.E.S., Inc. ("J.E.S."); (4) F.L. Crane & Sons, Inc. ("Crane"); (5) Senergy, Inc. ("Senergy"); (6) Robin Fuller ("Fuller"); (7) McElroy Metal, Inc. "(McElroy"); (8) Gremillion Corrugated, LLC ("Gremillion"); (9) Glen Moreau, d/b/a G.W. Moreau Metal Buildings ("Moreau"); (10) Custom Metal and Siding ("CMS"); (11) Dixie Roofing & Sheet Metal Co., Inc. ("Dixie"); (12) The Trane Company ("Trane"); (13) Gunn Electric Company, Inc. ("Gunn"); (14) Berg, Inc. ("Berg"); (15) Sellers and Josefson, Inc. ("Sellers"); (16) Signlite, Inc. ("Signlite"); (17) A Trim Vinyl Products ("A Trim"); (18) Design Professional Insurance Company ("Design"); (19) Kemper Indemnity Company ("Kemper"); (20) Liberty Mutual Insurance Company ("Liberty"); (21) State Farm Mutual Insurance Company ("State Farm"); (22) CNA Insurance Co. ("CNA"); and (23) Fulcrum Insurance Co. ("Fulcrum"). Defendants contend that this action arises under federal law and abstention is not necessary. For the following reasons, plaintiffs' motion to remand is DENIED and plaintiff's alternative motion to abstain is GRANTED in part.

## I. BACKGROUND

This case involves a construction project associated with the Paragon Casino Resort

("Paragon"), owned and operated by the Tunica–Biloxi Indians. In January 2000, the Tunica–Biloxi Construction Company (a separate unincorporated business enterprise of the Tunica–Biloxi Indians) acted as the general contractor in the construction of a hotel addition to the Paragon. Defendants in this matter consist of the subcontractors and their insurers. After completion of the project, plaintiff discovered mold contamination in the hotel on or about 31 August 2001.

On or about 13 June 2002, plaintiff filed in state court a Petition for Declaratory Judgment or Alternatively Damages. Doc. No. 1. Prior to the filing of the state court action, plaintiff filed a lawsuit in tribal court involving the same cause of action. Plaintiff maintains that the state court action was filed "only as a protective measure for the sole purpose of interrupting prescription, while asserting, maintaining and seeking a ruling regarding its sovereign immunity." Doc. No. 106. On or about 18 July 2002, defendants filed a Notice of Removal [Doc. No. 3] on the belief that this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. On or about 19 August 2002, plaintiff filed a Motion to Remand or Alternatively Motion to Abstain that is presently before the court. Plaintiff contends in this motion and later filings: (1) that this court should remand because there is no case or controversy arising under federal law; (2) procedural defects prevent the proper removal of this action; and (3) in the alternative, the court should abstain until tribal court remedies are exhausted. We will discuss each argument in turn.

## II. LAW AND ANALYSIS

A. *Removal and Remand*

Removal is proper if the federal district court has original jurisdiction over an action brought in state court. *See* 28 U.S.C. § 1441(a). The general rule allowing removal of a case involving federal question jurisdiction set forth in 28 U.S.C. § 1441(a) is as follows: "Except as otherwise expressly provided ... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by defendant ... to the district court of the United States for the district and division embracing the place where the action is pending." Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Thus, original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court. The district court "shall dismiss the action" whenever "it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Fed.R.Civ.P. 12(h)(3).

Further, to determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000). Moreover, the district court must remand upon a timely motion based on a defect in removal procedure, must remand cases over which the court lacks subject matter jurisdiction, and has the discretion to remand state law claims removed along with federal question claims. *See* 28 U.S.C. § 1447(c); *Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir.1993). The federal court, however, is not required to remand, but rather, has the discretion to do so or retain the case. *See Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir.1992); *Brown*

*v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir.1990). Federal courts should consider whether economy, convenience, fairness, and comity are best served by remand, or by retaining jurisdiction. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 586–87 (5th Cir.1992).

 In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995) *cert. denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). In order to remove a case to federal court under 28 U.S.C. § 1331, the following, well-settled elements must be met: (1) a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action; (2) the right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another; (3) a genuine and present controversy, not merely a possible or conjectural one, must exist as to such right or immunity; (4) the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal; and (5) the complaint must be confined to a statement of plaintiff's cause of action without anticipation of any probable defense. *Gully v. First Nat'l Bank of Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

Defendants contend that this court has jurisdiction pursuant to 28 U.S.C. § 1331 and *National Farmers Union Insurance Co. v. Crow Tribe of Indians*, 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985). Defendants argue that "federal courts have jurisdiction to determine, as a matter arising under federal law, the limits of a tribal court's jurisdiction, even if the plaintiff's claims are not premised on federal law." Doc. No. 3. Plaintiff, on the other hand, contends that *National Farmers* is distinguishable from the instant case and does not provide this court with jurisdiction. We disagree.

In *National Farmers*, the Supreme Court examined the issue of whether § 1331 allows a federal court to determine if a tribal court has exceeded its jurisdiction. In *National Farmers*, a tribal court entered a default judgment against a school district for damages sustained by a Crow Indian minor after being stuck by a motorcycle in a school parking lot. The lot was located on land owned by the state but within the boundaries of the Crow Indian Reservation. Following the judgment, the school district filed a complaint and a motion for a temporary restraining order in federal court naming as defendants the Crow Tribe of Indians, the Tribal Council and its chairman, and the Tribal Court and its judges. *See id.* at 847, 105 S.Ct. at 2449. "The District Court entered an order restraining all the defendants 'from attempting to assert jurisdiction over plaintiffs or issuing writs of execution ... until this court orders otherwise.'" *See id.* at 848, 105 S.Ct. at 2449. In later proceedings, the district court issued a permanent injunction based on the premise that the Crow Tribal Court lacked subject matter jurisdiction for the underlying tort. *See id.* at 848–49, 105 S.Ct. at 2450. After concluding that the district court did not have jurisdiction, the Ninth Circuit reversed. *See id.* at 849, 105 S.Ct. at 2450. The Supreme Court held "that § 1331 encompasses the federal question whether a tribal court has exceeded the lawful limits of its jurisdiction, and that exhaustion is required before such a claim may be entertained by a federal court." *Id.* at 857, 105 S.Ct. at 2454.

 In the instant case, plaintiff first filed a suit for damages in tribal court.

Later, plaintiff filed an action in state court for declaratory judgment arguing that the state court lacks subject matter jurisdiction and, therefore, must transfer the case to the tribal court. "The question whether an Indian tribe retains the power to compel a non-Indian property owner to submit to the civil jurisdiction of a tribal court is one that must be answered by reference to federal law and is a 'federal question' under § 1331." *National Farmers*, 471 U.S. at 852, 105 S.Ct. at 2452. Here, defendants are non-Indian property owners and they dispute the limits of the tribal court's jurisdiction. The Supreme Court clearly established that § 1331 provides district courts with the ability to determine a tribal court's jurisdiction over non-Indian parties. *See id.* at 853, 105 S.Ct. at 2452. Following *National Farmers*, we hold that this action is properly before this court under § 1331. We therefore Deny plaintiff's motion to remand. We now turn to the alleged procedural defects in the notice of removal.

B. *Procedural Defects in Notice of Removal*

On or about 13 September 2002, plaintiff filed a reply to defendants' oppositions to remand. *See* Doc. No. 74. In that filing, plaintiff, for the first time, presented two alleged procedural defects to the notice of removal. Plaintiff asserted that Gunn, the removing defendant, "failed to timely remove and/or obtain the consent of all defendants upon removal." *Id.* As explained below, we need not discuss the merits of these arguments since plaintiff is time barred from alleging defects in the removal procedure.

Turning to the relevant statute, 28 U.S.C. 1447(c) provides that: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." The Fifth Circuit interpret-

ed this statute as making "a distinction between procedural defects in removal and lack of subject matter jurisdiction. If a plaintiff finds fault with a procedural element in removal, he has only thirty days in which to make a motion to remand." *Williams v. AC Spark Plugs Div. of General Motors Corp.*, 985 F.2d 783, 786 (5th Cir.1993).

 Here defendant Gunn filed the Notice of Removal on or about 18 July 2002. In plaintiff's motion to remand, plaintiff challenged the subject matter jurisdiction of this court and did not raise any procedural defects. Plaintiff, for the first time, argues in the 13 September 2002 reply that Gunn failed to timely remove and obtain the consent of all defendants— both procedural issues—well after the 30 day period. We therefore find that plaintiff waived the opportunity to challenge any procedural defects in the removal process by not raising these issues within 30 days of notice of removal.

C. *The Tribal Exhaustion Doctrine*

Plaintiff moves, in the alternative, that if we find that this court has subject matter jurisdiction, we should nonetheless dismiss the proceedings until the exhaustion of all tribal court remedies. Plaintiff relies on the tribal exhaustion doctrine examined by the Supreme Court on several different occasions. Defendants present two primary arguments against tribal court exhaustion in this case. Defendants argue: (1) plaintiff waived any sovereign immunity by initiating this action in state court; and (2) an exception to the exhaustion doctrine highlighted in *National Farmers* applies. After a review of the relevant case law, we find neither reason compelling for this court to stray from the established doctrine.

### 1. Supreme Court Decisions

In *National Farmers*, the Supreme Court described the tribal exhaustion doctrine. In that case, the Court recognized the "policy of supporting tribal self-government and self-determination" and providing "the forum whose jurisdiction is being challenged the first opportunity to evaluate the factual and legal bases for the challenge." *National Farmers*, 471 U.S. at 856, 105 S.Ct. at 2454. The Court stated that procedural problems "will be minimized if the federal court stays its hand until after the Tribal Court has had a full opportunity to determine its own jurisdiction and to rectify any errors it may have made." *Id.* at 856–57, 105 S.Ct. at 2454.

In *Iowa Mutual Insurance Co. v. La-Plante*, 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987), the Supreme Court clarified the exhaustion rule and extended the doctrine to include both federal question and diversity cases. The Court observed that "unconditional access to the federal forum would place it in direct competition with the tribal courts, thereby impairing the latter's authority over reservation affairs." *Id.* at 16, 107 S.Ct. at 976 (citations omitted). Further, the Court noted that "[t]he federal policy of promoting tribal self-government encompasses the development of the entire tribal court system, including appellate courts. At a minimum, exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts." *Id.* at 17, 107 S.Ct. at 977.

In *El Paso Natural Gas v. Neztsosie*, 526 U.S. 473, 119 S.Ct. 1430, 143 L.Ed.2d 635 (1999), the Supreme Court decided against exhaustion of tribal court remedies in a limited holding. In *El Paso*, the Court found that parties were not allowed to pursue their claims under the Price–Anderson Act in tribal court. The Court distinguished the case from *National Farmers* and *Iowa* by stating that the Price–Anderson Act "transforms into a federal action 'any public liability action arising out of or resulting from a nuclear incident.'" *Id.* at 484, 119 S.Ct. at 1437 (quoting 42 U.S.C. § 2210(n)(2)). The Court found that "Congress thus expressed an unmistakable preference for a federal forum ... both for the litigating a Price–Anderson claim on the merits and for determining whether a claim falls under Price–Anderson when removal is contested." *Id.* at 484–85, 119 S.Ct. at 1437. Accordingly, the Court held that "the comity rationale for tribal exhaustion normally appropriate to a tribal court's determination of its jurisdiction stops short of the Price–Anderson Act." *Id.* at 487, 119 S.Ct. at 1439. The Court, however, cautioned against interpreting this opinion too broadly and stated that "[t]he situation here is the rare one in which statutory provisions for conversion of state claims to federal ones and removal to federal courts express congressional preference for a federal forum." *Id.* at 486 n. 7, 119 S.Ct. at 1438 n. 7.

These cases clearly establish the Supreme Court's preference to tribal court exhaustion even when the district court has proper jurisdiction over the action. Both policy and case law support abstention in the instant case until exhaustion of tribal court remedies. Furthermore, *El Paso* demonstrates specific congressional preference necessary for a district court to preempt tribal court exhaustion. We now turn to defendants' arguments against exhaustion in this case.

### 2. Waiver by State Court Filing

Defendants argue that plaintiff waived sovereign immunity by originally filing this action in state court. By waiving immunity, defendants contend that plaintiff waived tribal court exhaustion. Defen-

dants rely on "logic" to support their position. Defendants argue that when Plaintiff filed the action in state court the state court did not need to abstain. Now that the case is removed, plaintiff cannot say this court must abstain. For the instant case, we need not decide whether plaintiff's initiation of the state court action constituted a waiver of immunity.[1] Defendants confuse sovereign immunity with the tribal court exhaustion doctrine. The exhaustion principle is based on comity and deference to the tribal courts. *See Iowa,* 480 U.S. at 16 n. 8, 107 S.Ct. at 976 n. 8. Defendants, fail to cite any authority to show that a waiver of immunity constitutes a waiver of the exhaustion doctrine. We therefore find no reason to indicate that plaintiff waived tribal court exhaustion.

### 3. Exception to Exhaustion

Defendants maintain that this action falls within one of the three exceptions to abstention outlined in *National Farmers.* In *National Farmers,* the Court stated three situations where the federal court need not "stay its hand." These include: (1) where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith; (2) where the action is patently violative of express jurisdictional prohibitions; or (3) where exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction. 471 U.S. at 857 n. 21, 105 S.Ct. at 2454 n. 21 (citations omitted). Only the second exception arguably applies to this case.

Defendants rely on *Montana v. United States,* 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981) and the more recent *Nevada v. Hicks,* 533 U.S. 353, 121 S.Ct. 2304, 150 L.Ed.2d 398 (2001), to support

their position that this action "is patently violative of express jurisdictional prohibitions." Defendants contend that these cases establish parameters of a tribal court's jurisdiction over non-Indians. If this action does not fall within the tribal court's jurisdiction, then the action triggers the second exception and exhaustion would only serve to delay. In *Nevada,* the Court noted that "[w]here nonmembers are concerned, the 'exercise of tribal power *beyond what is necessary to protect tribal self-government or to control internal relations* is inconsistent with the dependent status of the tribes, and so cannot survive without express congressional delegation.'" 533 U.S. at 359, 121 S.Ct. at 2310 (quoting and adding emphasis *Montana,* 450 U.S. at 564, 101 S.Ct. at 1245). These cases suggest three instances where tribal courts have jurisdiction over non-Indian parties.

The instant case does not appear to be "necessary to protect tribal self-government or to control internal relations." Further, congressional delegation is not at issue here. However, this does not end our inquiry. As stated in *Nevada:* "*Montana* recognized an exception to this rule for tribal regulation of 'the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements.'" 533 U.S. at 359 n. 3, 121 S.Ct. at 2310 n. 3 (quoting *Montana,* 450 U.S. at 565, 101 S.Ct. at 1245). This suggests that a "consensual relationship" brings an action within the tribal court's jurisdiction.

The record shows that the Tunica–Biloxi Indians, through the Tunica–Biloxi Construction Company, entered into contractu-

---

1. Case law suggests that plaintiff's state court action did not waive immunity. *See Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Oklahoma,* 498 U.S. 505, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991) (holding that the Indian tribe did not waive immunity by filing an action for injunctive relief in federal court).

al relationships with the defendants for the construction of the Paragon. Thus, defendants cannot successfully argue that this action "is patently violative of express jurisdictional prohibitions." Accordingly, we find no reason to deviate from the established tribal court exhaustion doctrine. *See Bank One, N.A. v. Shumake*, 281 F.3d 507, 515 (5th Cir.2002) (stating that "tribal exhaustion is the rule rather than the exception.")

■ In light of the tribal court exhaustion doctrine, the deferent policy towards tribal courts, and the lack of congressional preference for federal court jurisdiction, we find it is premature to consider this case at this time. The Supreme Court provides the district court the option of dismissing the action or holding the action in abeyance pending further tribal court proceedings. *See National Farmers*, 471 U.S. at 857, 105 S.Ct. at 2454. Accordingly, plaintiff's alternative motion to abstain is GRANTED in part, and we hold this matter in abeyance pending the development of further proceedings in the Tunica–Biloxi Tribal Court.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is DENIED and plaintiff's alternative motion to abstain is GRANTED in part. We therefore stay this action pending further tribal court proceedings.