**TUNICA–BILOXI INDIANS OF LOUISIANA, d/b/a Paragon Casino Resort,**

v.

**Kirby M. PECOT, d/b/a Pecot Company and Architects, et al.**

**No. CIV.A. 02–1512.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

March 9, 2005.

---

Keith J. Bergeron, Deutsch, Kerrigan & Stiles, Terrence L. Brennan, Deutsch, Kerrigan & Stiles, New Orleans, LA, George D. Ernest, III, Hurlburt, Privat & Monrose, David A. Hurlburt, Hurlburt, Privat & Monrose, Lafayette, LA, Richard G. Duplantier, Jr., Galloway, Johnson et al., Stefini W. Salles, Adams & Reese, Robert A. Vosbein, Adams & Reese, New Orleans, LA, John B. Davis, II, Adams & Reese, Baton Rouge, LA, Jeffrey N. Boudreaux, Kean Miller et al., David K. Nelson, Kean Miller et al., Baton Rouge, LA, Charles Krieg–Patrick Chauvin, Boggs, Loehn & Rodrigue, Thomas E. Loehn, Boggs, Loehn & Rodrigue, New Orleans, LA, John P. Doggett, Provosty, Sadler, et al., Zebulon Marcus Winstead, Provosty, Sadler, et al., Alexandria, LA, Larry Alan Stewart, Stafford, Stewart & Potter, Andrew P. Texada, Stafford, Stewart & Potter, Alexandria, LA, Lottie L. Bash, Gold, Weems, et al., Raymond L. Brown, Jr., Gold, Weems et al., Alexandria, LA, Edward J. Lassus, Jr., Pajares & Schexnaydre, Wade D. Rankin, Pajares & Schexnaydre, David J. Schexnaydre, Pajares & Schexnaydre, Covington, LA, Michael P. Maraist, Onebane Law Firm, Richard Joseph Petre, Jr., Onebane Law Firm, Lafayette, LA, Thomas W. Sanders, Office of Thomas W. Sanders, Lake Charles, LA, Richard Todd Musgrave, Musgrave, McLachlan & Penn, New Orleans, LA, S. Aaron Siebeneicher, Valerie M. Thompson, Alexandria, LA, Larry Alan Stewart, Stafford, Stewart & Potter, Andrew P. Texada, Stafford, Stewart & Potter, Alexandria, LA, Albert D. Clary, Long Law Firm, Baton Rouge, LA, Richard T. Conrad, III, Armstrong, Allen et al., Jackson, MS, William L. Melancon, Lafayette, LA, Richard G. Duplantier, Jr., Galloway, Johnson et al., Michael Lonegrass, Galloway, Johnson et al., Stephen James Moore, Galloway, Johnson et

al., New Orleans, LA, Bonita K. Preuett–Armour, Alexandria, LA, Richard D. Chappuis, Jr., Voorhies & Labbe, Lafayette, LA, Brian C. Bossier, Blue Williams, Metairie, LA, Albert D. Clary, Long Law Firm, Baton Rouge, LA, Richard T. Conrad, III, Armstrong, Allen et al., Jackson, MS, Matthew Thomas Lofaso, Walsh & Bailey, M. O'Neal Walsh, Walsh & Bailey, Baton Rouge, LA, John M. Limbaugh, Gallop, Johnson & Neuman, Angela N. Loehr, Gallop, Johnson & Neuman, St Louis, MO, Michael D. Rubenstein, Liskow & Lewis (New Orleans), Kenneth Todd Wallace, Liskow & Lewis, New Orleans, LA, John T. Walsh, Gallop, Johnson & Neuman, St. Louis, MO, Scott C. Barney, Chaffe, McCall et al., Peter A. Feringa, Jr., Chaffe McCall et al., New Orleans, LA, Charles A. Schutte, Jr., Guglielmo, Marks et al., Baton Rouge, LA, Matthew C. Nodier, Walsh & Bailey, Azelie Ziegler Shelby, Baton Rouge, LA, Matthew J. Ungarino, Ungarino & Eckert, Metairie, LA, Claire E. Breaux, Duplass, Zwain et al., Lawrence J. Duplass, Duplass, Zwain et al., Andrew D. Weinstock, Duplass, Zwain et al., Metairie, LA, Kay Karre' Gautreaux, Law Office of Kay Karre' Gautreaux, Patrick J. Hanna, Rabalais Hanna & Hebert, Lafayette, LA, Jeffrey N. Boudreaux, Kean, Miller et al., David K. Nelson, Kean, Miller et al., Baton Rouge, LA, for Defendants.

Jason A Bonaventure, Forrester, Jordan & Dick, Amanda G. Clark, Forrester Jordan & Dick, Shelly D. Dick, Forrester, Jordan & Dick, Baton Rouge, LA, for Plaintiff.

## MEMORANDUM RULING ON MOTION TO DISMISS

LITTLE, District Judge.

Before the court is a motion to dismiss filed by third party defendant, Roysons Corporation ("Roysons"), who seeks dismissal of the third party demand of DesignTex Group, Inc. for failure to comply with the court's scheduling plan [Doc. # 383]. Third party plaintiff DesignTex Group, Inc. ("DesignTex") opposes the motion and Roysons has filed a reply memorandum. For the following reasons, Roysons' motion to dismiss is GRANTED.

## BACKGROUND

This case involves a construction project associated with the Paragon Casino Resort ("Paragon"), which is owned and operated by the plaintiff, Tunica–Biloxi Indians of Louisiana, d/b/a Paragon Casino Resort ("Tunica–Biloxi"). After completion of the project, Tunica–Biloxi discovered mold contamination in the Paragon Hotel project and filed concurrent suits in both tribal and state courts against various defendants on or about 18 July 2002. After removal to this court, and various procedural motions involving remand and questions about subject matter jurisdiction, this court ruled, in two published decisions, that the tribal court lacked subject matter jurisdiction. *See Tunica–Biloxi Indians of La. d/b/a Paragon Casino Resort v. Pecot,* 351 F.Supp.2d 519, 525–26 (W.D.La. 2004) (holding that the tribal court lacked jurisdiction); *see also Tunica–Biloxi Indians of La. d/b/a Paragon Casino Resort v. Pecot,* 248 F.Supp.2d 576, 584 (W.D.La.2003) (denying motion to remand but granting motion to abstain pending exhaustion of tribal remedies). Nearly all of the defendants have since been dismissed, except for DesignTex which was added as a defendant in an amended complaint on 5 April 2004 [# 263].

DesignTex, with its principal offices in New York, is a vinyl wallpaper supplier and alleged manufacturer. Tunica–Biloxi contracted with DesignTex for wallpaper to be used at the Paragon Hotel project. Tunica–Biloxi alleges that DesignTex was negligent due to, *inter alia,* failure to supply wallpaper fit for its intended use and failure to investigate and warn of the likelihood of mold hazards when using vinyl wallpaper. It further alleges that DesignTex's use of this faulty wallpaper at the Paragon Hotel either caused or substantially contributed to the extensive mold contamination. Tunica–Biloxi claims that its damages exceed $15 million for, *inter alia,* the cost of remediation, demolition, rebuilding, loss of use of occupancy, and lost revenue and profits associated with the Paragon Hotel.

On 11 June 2004, DesignTex, along with all the other parties at the time, submitted a joint proposed scheduling plan which was

accepted by this court on 21 June 2004 [# 306]. The Joint Proposed Scheduling Plan ("JPSP"), *inter alia*, set a deadline of 15 June 2004 for the joinder of additional parties. The JPSP also set a deadline of 30 November 2004 for dispositive motions and the earliest date that the parties could reasonably expect to be ready for trial of 1 March 2005, which has already passed. A Pretrial Conference has been rescheduled in this case for 26 April 2005 to set a new trial date.

On 20 September 2004, DesignTex filed a Motion for Leave to File Third Party Demand [# 369]. DesignTex sought to join Roysons and its unidentified insurer on the basis that Roysons was the actual manufacturer of the vinyl wallpaper that is the subject of this litigation which should entitle DesignTex to full indemnification. Design-Tex claimed that the adding of Roysons would not delay or disturb the March 2005 trial date, which has since passed, and that any delay can be cured by severing this third party demand from the main case. This court granted DesignTex's motion on 4 October 2004 [# 376].

On 3 January 2005, Roysons filed this Motion to Dismiss Third Party Demand of DesignTex for Failure to Comply with the Court's Scheduling Plan ("Motion") [# 383]. Roysons claims that, despite the clear language of the JPSP which DesignTex was a party to, DesignTex has failed to comply with it by attempting to add Roysons past the agreed upon joinder deadline, which was approved by this court. Roysons also argues that the JPSP's discovery deadline of 1 November 2004 combined with the tens of thousands of pages of documents that have already been produced and the dozens of depositions of many of the contractors, subcontractors, employees, and experts that have already been conducted, all without Roysons being a party unduly prejudices Roysons. Roysons alleges that it was not afforded an opportunity to participate in the substantial discovery already conducted and, thus, its rights to prepare a proper defense have been prejudiced by DesignTex's unwarranted delay in filing this third party demand, which should be dismissed with prejudice.

On 14 February 2005, DesignTex filed a Memorandum in Opposition to Roysons' Motion ("Opposition") [# 386]. In its Opposition, DesignTex argues that the parties agreed in the JPSP *among themselves* to set a *self-imposed* deadline of 15 June 2004 for joinder of additional parties. DesignTex claims that, since the JPSP, all of the original defendants have been dismissed and only it remains as a principal defendant. Thus, DesignTex contends that Roysons has no standing to contest any departure from the JPSP and has failed to cite any case law or other authority to support its argument that it can seek dismissal based on the JPSP of which it was not a party. DesignTex claims that only the plaintiff and this court can seek to enforce the deadlines, neither of which has occurred because Tunica–Biloxi's counsel has consented to this third-party demand and this court granted DesignTex's motion for leave. DesignTex also argues that Roysons has failed to show how it has been prejudiced by its joinder because Roysons was not in the dark about this case. DesignTex claims that it contacted Roysons several times demanding that it provide DesignTex with a defense in this case and provide it with a copy of its Comprehensive General Liability Policy (CGL) to determine whether it contained a vendor's endorsement that provided a defense and indemnification to DesignTex, but Roysons refused to cooperate. On 11 August 2004, DesignTex's CFO sent a formal written demand to Roysons seeking a copy of the CGL policy and defense and indemnification of DesignTex. After more than a month passed without any response, DesignTex alleges it was forced to file this third party demand to join Roysons. DesignTex further alleges that most of the depositions and discovery done in Roysons' absence was conducted well before the JPSP was even submitted. Thus, even if Roysons had been added on the 15 June 2004 deadline, Roysons would still have argued that it was too late because it had not participated in any of the discovery to that point. DesignTex contends that it has been representing Roysons' interests throughout this case because it has been in complete alignment with Roysons as it relates to Tunica–Biloxi's mold claims that the vinyl wallpaper supplied by DesignTex

(and manufactured by Roysons) is defective. DesignTex also argues that, because counsel for Roysons is the same counsel who represented a prior defendant, Coastal Air Balance ("CAB"), throughout a substantial portion of this litigation and participated in nearly all of the same discovery before settling after mediation, counsel for Roysons is more than capable of providing Roysons with a proper defense. DesignTex further argues that, because Roysons has not raised a prescription/statute of limitations defense or any Rule 12(b) objections to venue or jurisdiction, even if this court were to dismiss the third party demand, nothing would prevent DesignTex from refiling the claim in a separate action. It contends, however, that a separate action would contravene the basic principles of judicial economy by encouraging piecemeal litigation.

On 22 February 2005, Roysons submitted a Reply Memorandum in Support of its Motion ("Reply") [# 390]. In its Reply, Roysons contends that court-ordered deadlines for adding parties, as in the JPSP, should be enforced. It also claims that Roysons clearly has been prejudiced because years of discovery have already taken place. Roysons argues that it was not brought in until just before the 1 November 2004 discovery deadline, after the deadlines for submission of expert reports and expert witness depositions have already passed, and that the dispositive motion deadline already passed on 30 November 2004, all to Roysons' prejudice to a proper defense. Roysons also asserts that DesignTex's contention that it has been "carrying the load" for both of them is specious because DesignTex cannot have been looking out for Roysons' best interests throughout the discovery process all the way up until it decided to sue Roysons. Counsel for Roysons also argues that his prior representation of CAB was just for a small portion of the litigation and CAB was not involved in the construction litigation involving the North Tower Hotel. CAB, Roysons contends, was brought in via third party demand of Berg, Inc., and that third party demand was dismissed following mediation just a few months after CAB was brought in. Thus, Roysons' counsel only participated in a small fraction of the voluminous discovery that has already taken place. Furthermore, as counsel for CAB, Roysons' counsel did not conduct discovery with Roysons' issues or defense in mind because CAB is an air balancing subcontractor while Roysons is an alleged manufacturer of vinyl wallpaper.

## DISCUSSION

### A. Local Rule 7.6W and Federal Rules 16(b) & (f) and 41(b)-(c)

Although neither party offered any case law or other authority to support their positions, DesignTex did properly point out that Roysons has not filed a valid Rule 12(b)(1)-(7) motion that would suspend the deadline for filing an answer. As this Motion to Dismiss the third party demand deals with a failure to comply with the JPSP, known as a "Plan of Work" in this district according to the Standing Order [# 11], or a "scheduling order" under Federal Rule of Civil Procedure 16(b), the FRCP that apply to this case appear to be Rules 14(a), 16(b) and (f), and 41(b)-(c) as well as Local Rule 7.6W. Rule 14(a) states that a third-party plaintiff only needs leave of court to bring in a third-party defendant if it is done later than 10 days after serving its original answer, which was initially complied with here because the court granted leave [# 376]. *See* FED. R. CIV. P. 14(a). The three main rules are Local Rule 7.6W and Federal Rules 16(b) and (f) and 41(b)-(c).

### B. Analysis

#### 1. Local Rule 7.6W

Local Rule 7.6W provides that, "[p]rior to filing any ... third-party complaint, the moving party *shall* attempt to obtain consent for the filing and granting of such motion from *all parties having an interest to oppose.*" LR 7.6W (2004) (emphasis added). Also, LR 7.6W provides that, if opposing counsel's consent is not obtained, no such motion to file a third-party complaint shall be accepted for filing unless accompanied by a certificate of counsel for the movant stating "that opposing counsel have refused to consent to the filing and granting of such motion." *Id.*

In this case, the court points out that the Order granting DesignTex leave to file this third party demand, which was granted on 4 October 2004 [# 376], was granted either prematurely or in error. Although DesignTex filed a Certified Statement of Consent under LR 7.6W stating that counsel for the plaintiff, *Tunica–Biloxi,* did not oppose the motion for leave to file the third party demand, DesignTex did *not* seek consent of *all parties having an interest to oppose,* namely *Roysons* or counsel for *Roysons,* the third party who DesignTex sought to join. DesignTex should have first sought Roysons' consent or else stated that counsel for Roysons refused to consent. The clerk of court properly issued a Notice of Deficient Document to DesignTex [# 367], including its deficient motion [# 368], regarding the motion for leave on 21 September 2004, giving DesignTex ten days to comply with the Local Rules requiring a consent statement from opposing counsel. A review of the service list of the parties for this motion for leave, according to the electronic docket receipt, shows that the clerk of court sent this motion and accompanying documents to *every existing* defendant on the list, but did *not* send it to Roysons or its counsel. After more than ten days passed *without* DesignTex curing the deficiency, the court granted leave to file which, in retrospect, was in error. The court should not have granted leave without the consent of Roysons or a statement that Roysons' counsel opposed the motion. Thus, the Order granting leave to file [# 376] was in error and must be vacated. Roysons' motion to dismiss, therefore, can be granted on this reason alone, that DesignTex's motion for leave should never have been granted in the first place for failure to comply with Local Rule 7.6W.

### 2. *Rules 16(b) & (f) and 41(b)-(c) for Dismissal of Third–Party Claim for Failure to Comply with Court Order*

The other rules that apply to warrant dismissal of DesignTex's third party demand are Federal Rules 16(b) and (f) and Rules 41(b)-(c). Rule 16(b) states that the district judge shall, after receiving a Rule 26(f) report from the parties, enter a scheduling order that limits the time to join other parties and that it "shall not be modified except upon a showing of *good cause* and by leave of the district judge...." FED. R. CIV. P. 16(b)(1) (emphasis added). Rule 16(f) states that if a party's attorney "fails to obey a scheduling or pretrial order, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." FED. R. CIV. P. 16(f). Rule 37 includes an order dismissing the case. FED. R. CIV. P. 37(b)(2)(C). Furthermore, Rule 41(b) states that, "[f]or failure of the plaintiff ... to comply with these *rules or any order of court,* a defendant may move for dismissal of an action ... against the defendant. *Unless* the court in its order for dismissal otherwise specifies, a dismissal ... operates as an adjudication upon the merits." FED. R. CIV. P. 41(b) (emphasis added). Rule 41(c) extends Rule 41(b) dismissals to any third-party claim. FED. R. CIV. P. 41(c). Although the JPSP was initially an agreement between the parties as to deadlines, once it was approved by this court, it became an enforceable court order [# 306]. *See Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir.1990) (stating that the court has the discretion to issue an order to enforce a scheduling order and the local rules). DesignTex's failure to comply with that order made its third party demand subject to both Rule 16(f) and 41(b) dismissal.

Although the general rule for third party complaints, FRCP 14(a), requiring leave of court, was initially complied with here, that leave was granted in error due to the lack of Roysons' consent as discussed above. Even assuming arguendo that DesignTex had secured Roysons' consent or otherwise complied with LR 7.6W, because DesignTex's motion for leave was filed after the 15 June 2004 joinder deadline, it was also required to show "good cause" why the JPSP should be modified through leave of court. *See* FED. R. CIV. P. 16(b)(1) (providing that a scheduling order "shall not be modified except upon a showing of *good cause* and by leave of the district judge....") (emphasis added). The "good cause" standard requires the "party seeking relief to show that the

deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enter., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir.2003); 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed.1990). FRCP 16(b) authorizes district courts to control and expedite pretrial discovery through a scheduling order. *See* FED. R. CIV. P. 16(b). Consistent with the authority vested in the trial court by FRCP 16, the Fifth Circuit gives the district court " '*broad* discretion to preserve the integrity and purpose of the pretrial order.' " *Turnage v. Gen. Elec. Co.,* 953 F.2d 206, 208 (5th Cir. 1992) (quoting *Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir.1990)) (emphasis added). District courts generally are afforded "great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion." *See Pierce v. Underwood,* 487 U.S. 552, 558 n. 1, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Topalian v. Ehrman,* 954 F.2d 1125, 1139 (5th Cir.1992); *see also Union City Barge Line v. Union Carbide Corp.,* 823 F.2d 129, 135 (5th Cir. 1987) (stating that the district court has broad discretion to control its own docket).

■ In this case, although DesignTex was added on 5 April 2004, it took over four months for it to make a written demand to Roysons for a copy of its CGL policy to determine whether DesignTex was entitled to a defense and indemnification. DesignTex took over five months from the time it was added until it sought leave to file this third party demand on 20 September 2004. If DesignTex had a defense or indemnification clause in its own purchase agreement or sale contract with Roysons, DesignTex, as the buyer, clearly had access to it and did not need five months to decipher it to determine whether Roysons should be added. If DesignTex did not have such a clause in its own contract, which it should have determined immediately upon joinder, and merely *speculated* that Roysons' CGL policy had a defense/indemnification clause, it should have promptly sought to join Roysons at the same time it agreed to the JPSP in order to attempt to obtain this policy through discovery.

Although Rule 16(f) does not require a showing of prejudice in order to justify sanctions, see *John v. State of La.,* 899 F.2d 1441, 1448 (5th Cir.1990), DesignTex's delay is unduly prejudicial to Roysons. This case has been pending for over two and a half years, with tens of thousands of documents of discovery and several depositions already taken, all of it done in the absence of Roysons and its interests in making a proper defense, DesignTex's "carrying the load" argument notwithstanding. The Pretrial Conference is scheduled for 26 April 2005 with a trial date of the end of this year likely to be set. ·For this court to sever this case as DesignTex proposes or further postpone the Pretrial Conference date until 12 September 2005, the next scheduled pretrial conference date, would only delay any trial date until the beginning of 2006 at the earliest—an unwarranted delay. The fact that counsel for Roysons is the same as counsel for CAB, an earlier co-defendant that was terminated back on 12 July 2004, is wholly irrelevant because CAB and Roysons are different parties with different discovery issues. DesignTex's unwarranted delay in adding Roysons, combined with its failure to comply with the Local Rules and the court's order as well as the undue prejudice to Roysons, all outweigh any of DesignTex's judicial economy or piecemeal litigation arguments. Thus, to the extent that DesignTex seeks modification of the deadlines, the court does not find that this five month delay constitutes "good cause" under Rule 16(b) warranting modification of the JPSP and finds that dismissal is warranted due to the delay.

■ Nevertheless, a dismissal with prejudice under either Rule 16(f) or 41(b) is too harsh a sanction. District courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). This includes the power of the court to control its docket by dismissing a case as a sanction for a party's failure to obey court orders. *Gonzalez v. Trinity Marine Group, Inc.,* 117 F.3d 894, 898 (5th Cir.1997). While Rule 16(f) provides for the imposition of various sanc-

278

tions for violations of that scheduling order, such as dismissal, see *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1518 (5th Cir.1985), the Fifth Circuit has noted that a dismissal with prejudice is an "extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1418 (5th Cir.1995). Thus, the district court is bound to impose the least severe sanction available. *Carroll v. Jaques Admiralty Law Firm*, 110 F.3d 290, 294 (5th Cir.1997). Similarly, the Fifth Circuit has consistently held that Rule 41(b) dismissals *with* prejudice will be affirmed "only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, ... *and* where *lesser* sanctions would not serve the best interest of justice." *Dorsey v. Scott Wetzel Servs., Inc.*, 84 F.3d 170, 171 (5th Cir.1996) (emphasis added).

Although the court has considered whether lesser sanctions, such as a monetary penalty or an award of attorney's fees, would be more appropriate, the court finds that the lesser sanction of dismissal *without* prejudice under either Rule 16(f) or 41(b) would better serve the interest of justice. Keeping Roysons in this case while imposing a penalty or an award of attorney's fees against Design-Tex would still require Roysons to get up to speed on the already completed, and voluminous, discovery and to conduct any depositions it needed. That would most likely force Roysons to seek a continuance of the previously scheduled, and fast approaching, Pre-trial Conference date and further delay the setting of a trial date. Due to the dismissal of all the other defendants and the failure of Tunica–Biloxi to join Roysons timely as a *defendant* in this case, it appears that Tunica–Biloxi already has the only defendant it deems necessary for trial. Moreover, DesignTex's inexcusable five-month delay before attempting to join Roysons warrants a dismissal without prejudice, which, assuming there are no statute of limitations defenses, does not unduly harm either party. Roysons' Motion, therefore, will be granted and DesignTex's third party demand against Roysons will be dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, the motion to dismiss the third party demand of DesignTex for failure to comply with the court's scheduling plan [Doc. # 383], filed by Roysons, is GRANTED. The third party demand filed by DesignTex [# 377] is DISMISSED WITHOUT PREJUDICE to its refiling under either Rule 16(f) or 41(b) for failure to comply with the court's scheduling order. The Order granting DesignTex's motion for leave to file third party demand [# 376] is VACATED for DesignTex's failure to comply with Local Rule 7.6W.